In the Matter of STANLEY NICHOLS BENJAMIN (Admitted as STANLEY N. BENJAMIN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 29, 1961.

*Henry Weiner* (*Allen Harris* and *Daniel J. McMahon* with him on the brief), attorney for petitioner.

*Stanley Nichols Benjamin,* respondent in person.

*Per Curiam.* This is a disciplinary proceeding brought by petitioners, as members of the Co-ordinating Committee on Discipline of the Association of the Bar of the City of New York, the New York County Lawyers' Association and the Bronx County Bar Association, against respondent who was admitted to practice as an attorney on October 31, 1938 in the First Judicial Department.

The charge is that respondent, while employed as an adjuster of claims for insurance companies, received and accepted from certain attorneys payments in amounts based upon a percentage of settlement in cases over which he had jurisdiction, conditioned upon and taking place simultaneously with or subsequent to the delivery of the settlement checks of the insurance companies.

Respondent filed an answer to the petition in which he admitted the charge and, in addition, made reference to certain uncontroverted mitigating circumstances consisting of (1) an extremely unhappy and distressing domestic situation, (2) extreme financial distress, and (3) full co-operation in the investigation of his conduct conducted by the District Attorney of New York County and by the Co-ordinating Committee on Discipline.

The Referee has reported that the evidence adduced before him sustains the charge and that '' the acceptance by respondent

of monies tendered to him by counsel representing claimants, whether such monies be characterized as ' gratuities ' or otherwise, was improper and unethical." The Referee further reports that the petitioners have failed to prove to his satisfaction any violation of the Penal Law of the State of New York.

While the court recognizes the strong sympathetic factors relevant to respondent's case and personal history, the protection of the public and the maintenance of professional standards are the paramount considerations in disciplinary matters. Respondent's conduct persisting over many years demonstrates professional unfitness, albeit the circumstances might bespeak mercy in another area where individualized corrective sanctions would be the paramount consideration. Consequently, we hold that respondent, although then not employed as an attorney, is guilty of professional misconduct in that his acceptance of money from attorneys violated the Canons of Professional Ethics. (*Matter of Rouss*, 221 N. Y. 81, 84–85; *Matter of Sonne*, 252 App. Div. 550; see Drinker, Legal Ethics, pp. 43, 46–48.)

Respondent should be disbarred.

BREITEL, J. P., VALENTE, McNALLY, STEUER and BASTOW, JJ., concur.

Respondent disbarred.